RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6 / 14 / 11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| AYERS | CIVIL ACTION 10-925 (lead case) |
| VERSUS | U.S. DISTRICT JUDGE TRIMBLE |
| ANR PIPELINE COMPANY, et al | U.S. MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion to remand and for attorney fees, document number 7, referred to me by the district judge for decision. Plaintiffs in these consolidated cases claim to have been injured by defendants pipeline companies when an unexpected release of natural gas and other hydrocarbons occurred at its facility in Jena, Louisiana on May 28, 2009. They sued the pipeline companies and also sued an employee who is a Louisiana resident, Billy Lucky, alleging that he owned the facility and its equipment and was negligent.

Defendants timely removed the case to this court alleging that Lucky was fraudulently joined[1] and that the damages are facially apparent from the plaintiff's complaint. Plaintiffs argue that Lucky has personal responsibility for the accident and that defendants offered substantially

---

[1] The Fifth Circuit has suggested that the term "improper joinder" is more consistent with the statutory language than "fraudulent joinder" and is thus preferred. Smallwood v. Illinois Central Gulf Railroad Company, 385 F.3d 568 (5th C. 2004). However, in the term "improper joinder" is less precise and is sometimes cause for confusion, particularly where issues are presented as to both "improper joinder" and "misjoinder" under Rules 20 & 21.

1

less than the jurisdictional limits in settlement, proving that the claims do not exceed $75,000. Defendants suggest that the long list of alleged damages in the petition proves that the damages must exceed $75,000.

Because it was not clear to the court whether Lucky had any personal involvement in the accident or whether this court's jurisdictional threshold was met, I ordered limited discovery on the remand issue pursuant to Smallwood, supra. Supplemental briefs have been submitted and the case is now ready for decision.

## DISCUSSION

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Improper Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court. *McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329, 333 (5th Cir. 2004); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Defendants allege that plaintiffs have no reasonable possibility of recovery against the individual defendant, employee Lucky. Their burden of proof is a heavy one. See Ross v.

2

Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). To prove improper joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor. Travis, 326 F.3d at 648. Furthermore, the Fifth Circuit has cautioned against a finding of improper joinder before the plaintiff has had sufficient time for discovery. *Id.* at 651 (ordering federal district court to remand case to state court after finding that plaintiff had a reasonable possibility of recovery under state law). "Simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for (the plaintiff) to establish (the defendant's) liability at trial." *Id.*

Pursuant to the Order, the parties took the deposition of Billy Lucky regarding his duties. Plaintiffs (or some of them[2]) first assert that this court should not pre-judge the case by weighing evidence on this motion to compel. However, pursuant to Smallwood, this court has the authority to consider evidence uncovered in discovery and to use it in a summary judgment type fashion in order to resolve the motion to remand. However the court should not attempt to determine whether plaintiffs will actually or even probably prevail on the merits but must evaluate all factual allegations and resolve all ambiguities in the light most favorable to the plaintiff to

---

[2] There are, according to counsel, three sets of plaintiffs, represented by different counsel. Therefore, not all arguments addressed were necessarily asserted on behalf of all of the plaintiffs. Nevertheless, any compelling argument would likely inure to the benefit of all plaintiffs.

3

determine whether the plaintiffs have any possibility of recovery under state law against the party whose joinder is questioned.

Next, certain plaintiffs assert that the allegations are that Lucky was the manager or supervisor, had actual knowledge of conditions which posed an unreasonable risk of harm and that it is alleged that he failed to supervise and control operations which, they assert "state claims against Mr. Lucky for his personal fault "plainly and simply". This argument, however ignores the very purpose of the court having allowed limited discovery which was to test those allegations.

Plaintiffs next argue that documentary testimony and evidence shows that the discharge occurred at a gas compressor station which is for the purpose of compressing natural gas so that it will flow through the gas pipelines. They explain that the station is operated remotely from Houston but that there are three employees who are always on call at the station, one of whom is defendant, Lucky. They further suggest that documents show that Lucky, who had worked his way up to "level 6 mechanic", had no supervisor at the station and that whoever is on call is "in charge". Plaintiffs argue that Lucky's job description included ensuring that the facility was operated safely and to "operate, repair, install, troubleshoot, and perform . . . corrective tasks".

Plaintiffs also point to the fact that Lucky was "Operations Site Lead" and an "Alternate Facility Response and Emergency Coordinator" for the Compression Station and was designated by the Louisiana Department of Environmental Quality to be the "Environmental Manager" of the station.

Because of these titles and duties, plaintiffs conclude, Lucky had a duty to recognize that a chemical discharge had taken place and to report it to the proper authorities so that it could be

4

controlled and so that the nearby residents could be warned.

It is undisputed that Lucky was the employee on call on the date of the discharge, May 28, 2009, and went to the station after having been notified to do so by his supervisors in Houston.

Defendants argue that Lucky's duties were no more than general administrative duties and that he had undertaken no personal duty toward plaintiffs. Defendants cite Lucky's deposition testimony that he was not the manager or supervisor of the station, had no management responsibilities, supervised no employees, had no responsibility for ensuring that no gas was released or to analyze the piping. He further testified that it was not his job to notify the community of any potential health hazards.

In discerning whether a non-diverse defendant has been fraudulently joined, the court must determine whether the plaintiff has any possibility of recovering against the non-diverse defendant. Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100-101 (5th Cir.) 1990. Under Louisiana law, a manager or other employee may not be held liable for an injury unless four distinct criteria are satisfied. Canter v. Koehring Co., 283 So.2d 716, 721 (La. 1973); Ford v. Elsbury, 32 F.3d 931, 936 (5th Cir. 1994). First, the employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought. Canter, 283 So.2d at 721. Second, this duty is delegated by the employer to the employee. *Id.* Third, the employee has breached this duty through personal fault, as contrasted with technical or vicarious fault. *Id.* Fourth, personal liability cannot be imposed upon the employee because of his general administrative responsibility for performance of some function of employment. *Id.* He must have a personal duty to the plaintiff, and the breach of that duty must have caused the plaintiff's

5

damages. *Id.* Also, if the defendant's responsibility was delegated with due care to a subordinate, he is not liable unless he knew or should have known of the non-performance or mal-performance of the duty by the subordinate. *Id.*

Clearly, the companies owed a duty to the public not to harm them through operation of the compressor station. In order to state a cause of action against Lucky, then, it must be shown that the gas companies delegated their duty to him and that he breached that duty through personal fault as opposed to general administrative responsibilities.

Here plaintiff is alleging that Lucky failed in some of his job duties. However, this alleges only a general administrative duty. Lucky's various "titles", such as, for example, "Operations Site Lead" prove nothing; indeed the meaning of the titles is not intuitive and Lucky's testimony explains the extent of his responsibilities, as discussed above.

The compressor station was operated remotely from Houston. The evidence does not support plaintiffs' claims that Lucky, a "level 6 mechanic" on call had been delegated all of the responsibilities which plaintiffs claim. However, even if he had, those duties were general responsibilities of his job and did not result in a personal duty by Lucky to others nor did the alleged breach of those employment duties rise to the level of personal fault. Instead, Lucky's duties were general administrative duties as an employee owed to his employer.

Liability cannot properly be placed on an employee "simply because of his general administrative responsibility for performance of some function of employment." Canter at 721.

The test set forth by the Fifth Circuit in Ford, supra, is not satisfied.

Therefore, plaintiff's claims against Lucky fall short as a matter of law; thus, he has been improperly joined and his presence in the suit should be disregarded for the purposes of

6

determining jurisdiction, that is, whether complete diversity of the parties exists. He should be dismissed as a defendant.

Jurisdictional threshold

Plaintiffs also move to remand asserting that defendants have failed in their burden to prove that the amount in dispute exceeds $75,000, the jurisdictional amount in this court.

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995). Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938). Where a specific amount of damages is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought, except in certain circumstances. La. Code Civ. P., Art. 893. Therefore, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I, supra. The defendant may make this showing in either of two ways: (1) by demonstrating that it is facially apparent from the complaint that the claims are likely above $75,000, or (2) by setting forth the facts in controversy--preferably in the

removal petition, but sometimes by affidavit--that support a finding of the requisite amount. Allen, 63 F.3d at 1335. See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute, for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with her petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Plaintiffs' petitions, in accordance with the requirements of state law, do not allege entitlement to a specific amount of damages.

As defendants point out, however, two of the plaintiffs, Hall (10-947) and Stevens (10-961) are wrongful death and survival actions. They clearly meet the jurisdictional test. Other plaintiffs have alleged extensive lists of ailments including skin and eye irritations, headaches, weakness, fatigue, confusion, anxiety, emotional distress and, importantly, pulmonary damage and fear of contracting cancer and other diseases, together with property damage and medical expenses. A third group of plaintiffs allege damage 'for the remainder of their natural lives". It is apparent to the court that these extensive lists of injuries, including some that are serious, and permanent, meet the jurisdictional threshold of $75,000. In that regard, the allegations are similar to those made and analyzed by the Fifth Circuit in Luckett v. Delta Airlines, Inc., 171 F. 3d 295 (5th C. 1999) and in Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th C. 2000). Compare Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th C. 1999).

The only properly joined parties are completely diverse and the jurisdictional threshold

is met. Therefore, the motion to remand should be denied.

## CONCLUSION

IT IS RECOMMENDED that the motion to remand and for attorney fees, doc. #7, be DENIED in all these consolidated cases.

IT IS FURTHER RECOMMENDED THAT defendant, Lucky, be dismissed as defendant.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 14th day of June, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE