

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CYNTHIA ELLIOTT AYERS, ET AL. | CIVIL ACTION NO. 10-925 (LEAD) |
| VERSUS | JUDGE TRIMBLE |
| ANR PIPELINE COMPANY, ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM ORDER AND JUDGMENT

Before the court are two (2) reports and recommendations issued by the magistrate judge in the above-captioned case and all consolidated matters. The first pertains to the motion to remand and for attorney fees,[1] filed by plaintiffs, and recommends denial of such motion and dismissal of all claims against defendant Billy Lucky ("Lucky") based on the magistrate judge's conclusion that Lucky was improperly joined in this suit.[2] The report and recommendation also finds that plaintiffs failed to carry their burden with respect to the issue of jurisdictional amount and that substantial evidence exists in the record to support a finding that the claims advanced by plaintiffs will exceed $75,000 in value, exclusive of interest and costs.

As expressed by both the magistrate judge and the parties, the framework for consideration of whether or not an employee defendant may be individually liable under Louisiana law was provided by the Louisiana Supreme Court in Canter v. Koehring Co.[3] In Canter, the court instructed that, in order to impose personal liability on an employee, a court applying Louisiana law must determine the following:

---

[1] R. 7.
[2] R. 46.
[3] 283 So.2d 716 (La. 1973).

1

1) whether or not the principal or employer owes a duty of care to the third person;

2) whether or not that duty was delegated by the principal or employer to the defendant at issue;

3) whether or not the officer, agent or employee has breached that duty through personal (as opposed to technical or vicarious) fault; and

4) whether or not the employee's breach was the cause of plaintiff's damages.[4]

This case involves a compressor station owned by defendants ANR Pipeline Company ("ANR") and Transcanada USA Pipeline Services, LLC ("Transcanada") and located at Jena, Louisiana. Plaintiffs allege that, on or about May 28, 2009, an incident at the compressor station caused various "toxic, noxious fumes, substances, hazardous and dangerous materials" to be released into the environment and that such toxic release caused injury and illness to them as residents of the surrounding area.[5] Defendants timely removed the case to this federal district court on the basis of diversity jurisdiction, asserting that Lucky's domicile should be ignored because he was improperly joined to defeat diversity jurisdiction.[6] Plaintiffs' motion to remand disputes this assertion and argues that, while a close question, it is possible that a trier of fact could conclude that personal negligence by Lucky was the direct cause of the 2009 incident which is alleged to have caused plaintiffs' claimed injuries.[7]

As to the first Canter element, we agree with the magistrate judge's conclusion that it is clear that ANR and Transcanada owed a duty to the public to operate the compressor station as a prudent natural gas handler or purveyor under the circumstances, in light of the hazardous nature

---

[4] Id.
[5] R. 7-1 at p. 1.
[6] R. 1.
[7] R. 47 at p. 23.

of natural gas.[8] The first element is satisfied. However, we also agree with the magistrate judge's conclusion that the evidence before the court is insufficient to demonstrate that this stringent duty was delegated to Lucky by ANR and Transcanada or that Lucky breached any such duty through personal fault as required under the second and third elements of Canter.

We specifically reject plaintiffs' argument that excerpts from his job description are proof of any personal duty by Lucky and reiterate the magistrate judge's observation that these are the duties of his employment and not a basis for individual liability under Louisiana law.[9] Similarly, evidence of titles assigned to him does not offer proof of a personal duty and is, again, merely evidence of his employee duties.[10] Moreover, we do not find that Lucky's deposition testimony, cited by plaintiffs, proves that Lucky was aware of the specific risk of harm which is alleged to have caused the incident at issue.[11]

Lastly, the court finds that the evidence before us fails to establish that Lucky, acting as a reasonably prudent person under these circumstances could have and should have discovered the defect which is alleged to have caused the release of hazardous substances in this case. The deposition testimony cited by plaintiffs demonstrates that, though Lucky admits he did not inspect the blowdown pipes at the time of the emergency shutdown, no prior experience would

---

[8] Transcontinental Pipe Line Corp. v. National Union Fire Ins. Co. of Pittsburgh, 378 F.Supp.2d 729 (M.D.La. 2005) ("[c]onsidering the dangerous nature of the transmission of natural gas in a defective pipe, this court finds that Transco's failure to detect and repair the defect in its pipe constituted a gross deviation from the standard of care a reasonably prudent pipeline company would exercise"); McCormick v. Firestone Tire & Rubber Co., 328 So.2d 911 (La. App. 4 Cir. 1976) (degree of care owed to others increases in relation to the inherent danger of the conduct at issue); Mobley v. Rego Co., 412 So.2d 1143 (La. App. 2 Cir. 1982) (Louisiana law places an increased duty on those who handle inherently dangerous substances, such as liquefied petroleum gas).

[9] Kemp v. CTL Distribution, Inc., 2010 WL 2560447 (M.D.La. 5/6/2010) (allegations against defendant employee were "general duties within the scope of [employee's] employment as a terminal manager and were, in fact, probably owed by all other employees at the terminal) adopted in full by U.S. District Judge James Brady 2010 WL 2560451 (M.D.La. 6/24/2010).

[10] Id.

[11] R. 47 at pp. 18-19. The court finds that, at most, Lucky's deposition demonstrates that he was aware that liquids could be accumulated in low-lying pipeline segments [R. 47-4 at 98:7 – 18; 100:16 – 19]. Lucky's testimony does not establish, as asserted by plaintiffs, that Lucky knew that the compressor station contained low-lying pipe segments prior to the incident in question or that he knew of and failed to implement a viable solution to the issue of liquid accumulation in these segments [R. 100:1 – 101:16].

3

have informed him of the need to make such an inspection, as the 2002 incident (upon which plaintiffs base their allegation that Lucky had actual knowledge of this harm) involved a leak at a different location.[12] Thus, we cannot conclude that plaintiffs have fulfilled Canter's fourth requirement.

Based on these findings, the court concludes, as did the magistrate judge, that defendant Lucky was improperly joined in this matter and his domicile should be disregarded for jurisdictional purposes and, for these reasons, it is

**ORDERED** that plaintiffs' motion for remand and for attorney fees is **DENIED** in all respects.

The court recognizes that the issue of improper joinder is determinative in this matter and finds that reasonable jurists might disagree as to whether or not the facts alleged by plaintiffs are sufficient to state a reasonably viable claim against Lucky under Louisiana law. Jurisprudence concerning employee liability creates a spectrum of allegations against individual employees. At one end of the spectrum, an employee's failure to perform tasks which constitute his job duties will not create a proper basis for individual liability.[13] At the other end of the spectrum, an employee's knowledge of a particular harm and his willful failure to act to prevent it will create such basis for liability.[14] Though the court is convinced that the evidence cited by plaintiffs does not demonstrate the type of conduct that has been interpreted by the Fifth Circuit as a basis for personal liability, we concede that reasonable jurists may disagree.

---

[12] R. 47 at p. 11, fn. 56.
[13] Guillory v. PPG Indus., Inc., 434 F.3d 303 (5th Cir. 2005) (corporate officers were not personally liable for chemical release because responsibilities for ensuring safety were part of general administrative responsibilities that many employees shared).
[14] Ford v. Elsbury, 32 F.3d 931 (5th Cir. 1994) (evidence submitted that employee was specifically informed of the exact leak which was alleged to have caused explosion and that he not only failed to act to prevent the harm, but took affirmative action to prevent others from acting to prevent the harm).

Finding that an immediate appeal of our ruling as to this portion of our ruling will materially advance the ultimate termination of the litigation, it is hereby

**ORDERED** that the court's ruling concerning the issue of improper joinder as to defendant Lucky is certified for immediate appeal to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1292(b).

The second report and recommendation issued by the magistrate judge pertains to a motion to dismiss filed by defendants.[15] Defendants' motion alleges that certain plaintiffs failed to comply with an order compelling production of certain discovery sought by defendants, issued on February 16, 2011.[16] The motion alleges that, despite the court's instruction, twenty-two (22) plaintiffs[17] have not provided discovery responses or provided responses "seriously lacking in substance."[18] The motion requests dismissal of the claims of those plaintiffs who failed to comply with the court's order compelling production of discovery.[19]

On June 1, 2011, the magistrate judge issued his report and recommendation as to defendants' motion, recommending dismissal as requested based on a finding that plaintiffs failed to comply with the court's express order compelling discovery in this case.[20]

Plaintiffs' objections to the report and recommendation issued assert that, as of the date of that filing, June 13, 2011, the outstanding discovery issues concerning all twenty-two (22) plaintiffs have been resolved to the satisfaction of defendants.[21] Defendants' response to such objections, filed July 13, 2011 confirms that all outstanding discovery has been produced to their satisfaction with the exception of signed medical authorizations for the Edmonds family

---

[15] R. 34.
[16] R. 23, 24.
[17] The court will not publish the names of the plaintiffs at issue, but refers the reader to Exhibit 2 to R. 34-1.
[18] R. 34-1 at p.2.
[19] Id.
[20] R. 44.
[21] R. 47.

plaintiffs.[22] Defendants assert that such medical authorizations have not been returned to them as of the date of the filing of the response. Defendants further point out that, while it is true that most of the outstanding discovery which prompted the filing of their motion to dismiss has been completed, plaintiffs failed to produce those responses on or before February 25, 2011, as required by this court's prior electronic order.[23]

The court's order compelling production of requested discovery was issued by this court on February 16, 2011 and ordered that all such discovery be completed by February 25, 2011.[24] Defendants' motion to dismiss was not filed until April 6, 2011.[25] The magistrate judge issued his report and recommendation on June 1, 2011.[26] Defendants' response to plaintiffs' objections to that report and recommendation were not filed until July 13, 2011.[27] In all, the Edmonds plaintiffs have had more than five (5) additional months beyond the court's prescribed deadline and yet still have not complied with the court's order. There is simply no reasonable excuse for plaintiffs' failure to comply.

Finding that the requested discovery has been completed as to all but the Edmonds family plaintiffs, it is hereby

**ORDERED** that defendants' motion is **GRANTED** with respect to plaintiffs Shawn Edmonds, Tammy Edmonds, Kelsie Edmonds and Matt Edmonds and accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that all claims by these plaintiffs against defendants in the above-captioned suit are **DISMISSED** with prejudice. It is further

---

[22] R. 49.
[23] R. 23, 24.
[24] Id.
[25] R. 34.
[26] R. 44.
[27] R. 49.

6

**ORDERED** that defendants' motion to dismiss is **DENIED** in all other respects as **MOOT**.

In consideration of plaintiffs' failure to adhere to the deadlines for completion of outstanding discovery set forth by the magistrate judge, despite the court's careful instruction concerning the gravity of that issue and of adherence to those deadlines, it is, finally,

**ORDERED** that plaintiffs shall pay all reasonable attorney fees and costs associated with the necessity of defendants' motion to compel. Defendants shall file an itemized list of all work performed and time spent, as well as all fees and costs associated therewith within thirty (30) days of the issuance of this order. Plaintiffs may file any traversal of such itemized list within fifteen (15) days thereafter.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 15th day of July, 2011.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE