RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/3/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CYNTHIA ELLIOTT AYERS, et al. | DOCKET NO. 1:10-cv-00925 |
| VERSUS | |
| A N R Pipeline Company et al. | MAGISTRATE JUDGE JAMES D. KIRK |

## MEMORANDUM RULING

Before the court are a motion to dismiss (Doc. 104) and a motion for summary judgment (Doc. 107) filed by defendants, ANR Pipeline Company and TransCanada USA Pipeline Services, L.L.C. ("defendants").

## FACTUAL BACKGROUND

At approximately 8:50 p.m. on May 28, 2009, an emergency shutdown ("ESD") occurred at ANR Pipeline Company's Jena Compressor Station. As a result of the ESD, roughly 350 gallons of natural gas and oil components were released from the pipeline and/or Compressor Station. On June 14, 2009, a second ESD and release of chemicals occurred at the Jena Compressor Station.

In May 2010, three separate groups of attorneys (the Knoll group, the Bollinger and the Terrell group) filed a total of forty separate lawsuits seeking damages for personal injury and/or property damage arising from the May 28, 2009 ESD (Docket Nos. 10-925 through 10-964). Plaintiffs from the Terrell group also

asserted claims arising from the ESD on June 14, 2009.

All 40 lawsuits were ordered consolidated for pretrial purposes and pursuant to the undersigned's pretrial procedure order, the three attorney groups and the defendants were to each pick four plaintiffs to serve as "discovery plaintiffs". Those 16 discovery plaintiffs would be deposed during a specified week in March and on May 13, 2013, 2 discovery plaintiffs would be chosen by each of the plaintiffs group and the defense to stand as trial plaintiffs.

On May 13, 2013, defendants filed a motion to dismiss claims asserted by Donald Cooper and a motion for summary judgment as to all discovery plaintiffs' claims. Since the filing of the motions, several of the discovery plaintiffs have settled their claims. The discovery plaintiffs whose claims remain are Latasha Breland, Cyrus Ketchens, Marion "Blake" Ketchens, Patricia Diane Collins, Halei Collins and Donald Cooper.

Oppositions to the motion for summary judgment have been filed on behalf of these remaining discovery plaintiffs and the matter is ripe for consideration.

<u>Analysis</u>

<u>Motion to Dismiss</u>

In the motion to dismiss, defendants argue Donald Cooper's claims should be dismissed pursuant to Federal Rule of Civil Procedure 37 for failure to attend his deposition. Rule 37 allows

a court, upon motion, to impose sanctions against a party who fails to attend his/her deposition. Dismissal of the party's case is one type of sanction which the court may order.

Defendants further rely upon the following language set forth in the pretrial procedure order:

> Depositions of the 16 discovery plaintiffs will take place on Monday thru Thursday of a single week (four per day, double tracked to start at 9:00am and 1:00pm) and will be completed on or before March 29, 2013. Proces Verbals will be completed for any discovery plaintiff failing to appear for deposition and a reasonable second opportunity to appear for deposition will be afforded before a Motion to Dismiss is filed by Defendants.

While the court acknowledges that it was aware that dismissal of a party's claims for failure to attend his/her deposition was a real possibility, the circumstances regarding Mr. Cooper's failure to attend do not lend themselves as a reason to dismiss his suit.

Mr. Cooper's initial deposition was cancelled as he was completing a nine week course of radiation treatment for prostate cancer. The defendants scheduled a second deposition date approximately two weeks later but Mr. Cooper was still frail from his recent cancer treatments and unable to attend.

In light of these facts, it would be improper to dismiss Mr. Cooper's claims pursuant to Federal Rule of Civil Procedure 37.

<u>Motion for Summary Judgment</u>

<u>June 14, 2009 Release</u>

The Discovery Plaintiffs represented by the Terrell group were

the only ones to allege harm as a result of the June 14, 2009 ESD. Though allegations were asserted, none of the discovery plaintiffs from the Terrell group provided deposition testimony or answers to discovery which indicated what, if any, harm they suffered as a result of the June 14, 2009 release. Additionally, their opposition to the motion for summary judgment does not contain any reference to the June 14, 2009 release or damages sustained therefrom. Without evidence of an injury or of the causal connection between the injury and the June 14, 2009 ESD, plaintiffs cannot carry their burden of proof. Accordingly, all of the Terrell group's claims regarding the June 14, 2009 ESD shall be dismissed with prejudice.

March 28, 2009 Release

The defendants' motion for summary judgment focuses on whether or not the discovery plaintiffs can establish a causal connection between the ESD and the alleged injuries. "The test for determining the causal relationship between the tortious conduct and subsequent injuries is whether the plaintiff proved through medical testimony that is was more probable than not that subsequent injuries were caused by the accident." Arabie v. CITGO Petroleum Corp., 89 So.3d 307, 321 (La. 2012) (citing Lasha v. Olin Corp., 625 So.2d 1002, 1005 (La. 1993); Maranto v. Goodyear Tire and Rubber Co., 650 So.2s 757, 759 (La. 1995)(Citations omitted).

In their opposition to the motion for summary judgment, the

discovery plaintiffs mistakenly contend causation is not at issue because the parties entered into a joint stipulation regarding liability. (Doc. 70). However, the stipulation clearly provides the defendants are not stipulating to either causation or damages. Accordingly, plaintiffs must carry the burden of proof on their claims by a preponderance of the evidence. A burden which the defendants contend the plaintiffs are unable to carry.

The parties debate how the discovery plaintiffs must prove medical causation. While the defendants contend medical causation must be established through expert testimony, the defendants argue they are entitled to the presumption regarding causation as provided for in <u>Wisner v. Illinois Cent. Gulf R.R.</u>, 537 So.2d 740 (La.App 1 Cir. 1988).

The medical causation presumption provided in <u>Wisner</u> is a rebuttable presumption and is available only when two criteria are met. First, the plaintiffs must establish they were in good health prior to the accident. Second, the medical evidence must show there is a reasonable possibility of a causal connection between the accident and injury. <u>Id.</u>

In their opposition, plaintiffs fail to assert, much less point to evidence which confirms they were in good health at the time of the ESD. In fact, the same testimony cited by plaintiffs in support of their opposition indicates that Marion "Blake" Ketchens, Patricia Diane Collins and Halei Collins suffered from

some ailment prior to the ESD.  Blake Ketchens suffered from asthma and used an inhaler, Patricia Diane Collins suffered from migraine headaches and Halei Collins suffered from asthma and allergies.

Only one discovery plaintiff testified she continued to suffer from an alleged injury.[1]  That plaintiff was Patricia Diane Collins who testified that the intensity of her migraine headaches increased contemporaneously to the ESD and through the time of her deposition, she continued to experience these more severe migraine headaches.  However, Mrs. Collins has not shown through medical testimony a reasonable possibility of a causal connection between the accident and the injury.

In light of the foregoing, none of the discovery plaintiffs alleging personal injury are entitled to the medical causation presumption.  Accordingly, they are required to prove medical causation through expert medical testimony.  As the plaintiffs' expert witnesses have not and will not render an opinion or testify regarding specific causation the plaintiffs cannot establish medical causation or their personal injury claims, including fear of future injury and/or mental anguish.  Accordingly, these claims must be dismissed with prejudice.

---

[1] Latasha Breland's sinus problems resolved approximately one month thereafter.  Marion "Blake" Ketchens' exacerbated breathing problems, vomiting and diarrhea resolved within a week of the ESD.  Neither Cyrus Ketchens nor Halei Collins stated they experienced any ongoing symptoms from any alleged injury.  Patricia Diane Collins' pneumonia resolved as did her bouts of bronchitis.

Property Damage

Latasha Breland and Donald Cooper assert claims for property damage. Specifically, the two claim their plants began to brown and/or die as a result of the ESD.

Defendants contend that the ESD could not cause the alleged property damage and rely upon the Louisiana Department of Environmental Quality's constituents report and the expert reports provided by defense experts, Dr. Glenn Millner and Dr. John Boyd, Ph.D., in support.

The uncontested evidence from the constituents report shows 350 gallons of natural gas and a volume of liquids, referred to as condensate, were released on May 28, 2009. Plaintiffs contend but do not present evidence to support their contention that the condensate to which they were exposed contained elevated or toxic quantities of Volatile Organic Compounds ("VOCs") such as benzene. In fact, the only evidence presented in the case regarding the make up of the material released is the Louisiana Department of Environmental Quality's constituents report and Dr. Millner's expert report.

The reports reveal that very small quantities of VOCs were found in a much larger volume of highly-refined lubricating oil. This already small concentration of VOCs would then rapidly evaporate from the mixture once it was released as an aerosol or a mist. Accordingly, the already minimal amount of VOCs would be

7

further diluted (if not eliminated) once it reached the plaintiffs' homes and the material to which their property was exposed was a highly-refined lubricating oil which was very low in toxicity.

Dr. Boyd, taking this information into consideration, issued a report in which he stated it was unlikely the highly-refined lubricating oil would result in death to any perennial plants as they tend to lose their oil damage leaves and then recover quickly.

In response, Breland and Cooper point to defendants own evidence: the photographs of foliage contained in Dr. Millner's report and the defendants' own Incident Analysis Report regarding the May 28, 2009 ESD. Breland and Cooper contend this shows there was in fact damage to the plants as a result of the ESD and that fact was acknowledged by defendants in their Incident Analysis Report: "Entrained liquids created an environmental issue, damaging plants and coating homes and property...up to two miles away".

Though Breland relies upon the Incident Analysis Report to show plants were damaged, her property was located 2.7 miles away from the Jena Compressor Station. Thus, her home is outside of the damaged area "up to two miles away". Further, despite counsel's claims in the opposition that the plaintiffs have evidence, including photographs, of the damage to their plants and trees, neither the photographs nor a citation as to their location in the record was provided. Thus, neither Breland nor Cooper have established that property damage existed.

8

The bald allegations contained in the opposition do not suffice to establish a genuine issue of fact. Accordingly, the remaining property damage claims asserted by Breland and Cooper shall be dismissed with prejudice.

## Conclusion

In light of the foregoing:

**IT IS HEREBY ORDERED** that the defendants' motion to dismiss (Doc. 104) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (Doc. 107) is hereby **GRANTED and** all claims asserted by Latasha Breland, Cyrus Ketchens, Marion "Blake" Ketchens, Patricia Diane Collins, Halei Collins and Donald Cooper are hereby **DISMISSED WITH PREJUDICE.**

THUS DONE AND SIGNED at Alexandria, Louisiana this __2nd__ day of December, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE