UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

CYNTHIA ELLIOTT AYERS,
    et al.                           DOCKET NO. 1:10-cv-00925 (lead)

VERSUS

A N R Pipeline Company          MAGISTRATE JUDGE JAMES D. KIRK
    et al.

MEMORANDUM RULING

Before the court is a motion for summary judgment (Doc. 170) filed by defendants, ANR Pipeline Company and TransCanada USA Pipeline Services, L.L.C. ("defendants") as to the claims of Allen Breland, Peggy Breland, James Cockerham, Teresa Cockerham, Lane Legrande, Nedra Legrande, Lloyd Robertson, Nichole Cowan, individually and on behalf of her minor children, D. M. And L. C.,Ronald Bignar, Annie Bignar, Shirley Stephens, Tonya Mangun, and Marion Pritchard

.                        FACTUAL BACKGROUND

On May 28, 2009, an emergency shutdown ("ESD") occurred at ANR Pipeline Company's Jena Compressor Station.  As a result of the ESD, roughly 350 gallons of natural gas and oil components were released from the pipeline and/or Compressor Station.  On June 14, 2009, a second ESD and release of chemicals occurred at the Jena Compressor Station.

In May 2010, three separate groups of attorneys (the Knoll group, the Bollinger group and the Terrell group) filed a total of forty separate lawsuits seeking damages for personal injury and/or property damage arising from the May 28, 2009 ESD (Docket Nos. 10-925 through 10-964). Plaintiffs from the Terrell group also asserted claims arising from the ESD on June 14, 2009.

All 40 lawsuits were ordered consolidated for pretrial purposes. Since that time some of the claims have been settled and some dismissed. The only claims remaining are those of the Terrell group. This motion is on behalf of some, but not all, of those remaining plaintiffs.

## Analysis

### Motion for Summary Judgment

The defendants' current motion for summary judgment, like the previous one as to other plaintiffs (see doc. #104,141), focuses on whether or not the discovery plaintiffs can establish a causal connection between the ESD on either date and the alleged injuries. "The test for determining the causal relationship between the tortious conduct and subsequent injuries is whether the plaintiff proved through medical testimony that is was more probable than not that subsequent injuries were caused by the accident." Arabie v. CITGO Petroleum Corp., 89 So.3d 307, 321 (La. 2012) (citing Lasha v. Olin Corp., 625 So.2d 1002, 1005 (La. 1993); Maranto v. Goodyear Tire and Rubber Co., 650 So.2s 757, 759 (La. 1995)(Citations omitted). Plaintiffs must carry the burden of proof on their claims by a preponderance of the evidence, a burden which the defendants contend the plaintiffs are unable to carry.

The parties debate how the plaintiffs must prove medical causation. While the defendants contend medical causation must be established through expert testimony, the defendants argue they are entitled to the presumption regarding causation as provided for in Wisner v. Illinois Cent. Gulf R.R., 537 So.2d 740 (La.App 1 Cir. 1988).

The medical causation presumption provided in Wisner is a rebuttable presumption and is available only when two criteria are met:

First, the plaintiffs must establish they were in good health prior to the accident;

2

Second, the medical evidence must show there is a reasonable possibility of a causal connection between the accident and injury. Id.

### Allen Breland

Allen Breland's testimony by deposition fails to show that he was in good health prior to the incident and he admits that he had experienced the same symptoms before the incident. He has submitted no medical evidence showing a reasonable probability of a causal connection between the incident and his alleged injuries. Therefore he is not entitled to a resumption as to causation.

### Peggy Breland

Peggy Breland denies medical problems before the ESD. However, she has failed to submit any medical records showing medical treatment after the ESD. Therefore she is not entitled to the presumption.

### James Cockerham

James Cockerham testified by deposition that he was not affected by the May 2009 release. However, he claims damages as a result of the second release in June. Although he complained of nausea, he did not seek medical treatment. Because Mr. Cockerham cannot meet his burden of producing medical evidence of a reasonable possibility that his upset stomach was related to the ESD, he is not entitled to a presumption.

### Teresa Cockerham

Teresa Cockerham's medical records show she complained of nausea before and after the ESD. She has produced no medical evidence supporting her claims. She is not entitled to a presumption.

### Lane Legrande

Lane Legrande[1] had preexisting asthma and complained of COPD more than a year after the ESD. Therefore, he cannot be said to have been in good health as to these respiratory problems before the incident. Further, he has failed to submit any medical evidence supporting his claim. Therefore, he is not entitled to a presumption.

### Nedra Legrande

Nedra Legrande has not submitted any medical evidence supporting her claims and is, therefore, not entitled to the presumption.

### Lloyd Robertson

Lloyd Robertson claims the ESD aggravated his preexisting COPD as well as causing other symptoms. Therefore , he cannot show that he was in good health before the accident. Further he has submitted no medical evidence. He is not entitled to a presumption.

### Nichole Cowan, individually and on behalf of her two minor children, D. M. and L.C.

Nichole Cowan claims that she suffered from migraine headaches, nausea and nosebleeds as a result of the ESD. She claims her two children suffered from nosebleeds. She admits that she suffered form nosebleeds and nausea before the incident. She has submitted no medical evidence linking her claimed injuries to the ESD. Therefore, she is not entitled to a presumption. Neither has she submitted any medical evidence connecting her children's claimed injuries to the ESD. She and her children are not entitled to the presumption.

### Ronald Bignar

Ronald Bignar claims ESD might have exacerbated preexisting conditions. In addition he has

---

[1] Lagrande in list of parties to suit.

presented no medical evidence supporting his claims. Therefore, he is not entitled to the presumption.

### Annie Bignar

Annie Bignar did not seek medical attention for her alleged injuries and thus has no evidence showing a reasonable possibility that her conditions were related to the ESD. She is not entitled to a presumption.

### Shirley Stephens

Shirley Stephens did not seek medical care for her complaints and thus has no evidence showing a reasonable possibility that her conditions were related to the ESD. She is not entitled to a presumption.

### Tonya Mangun

Tonya Mangun did not appear for her deposition and has presented no evidence of her claims. Therefore, she is not entitled to the presumption.

### Marion Pritchard

Marion Pritchard complained of shortness of breath, and aches and pains. He admitted in deposition that the shortness of breath may be related to his significant smoking history and his aches and pains to his age. Therefore, he cannot show he was in good health prior to the incident and, in any event, did not seek medical treatment and cannot show a reasonable possibility that his conditions are related to the ESD.

In summary, none of the plaintiffs alleging personal injury are entitled to the medical causation presumption. Accordingly, they are required to prove medical causation through expert medical testimony. As the plaintiffs' expert witnesses have not and will not render an opinion or

testify regarding specific causation the plaintiffs cannot establish medical causation or their personal injury claims, including fear of future injury and/or mental anguish.

Plaintiffs, generally, claim that there exist genuine issues of material fact because the determination of plaintiffs' claims require credibility determinations not appropriate on a summary judgment motion. However, we do not reach credibility because plaintiffs must under the circumstance discussed above with regard to each of them have expert testimony in order to prevail. Because they have no expert testimony, they cannot prevail and summary judgment is appropriate.

Accordingly, these claims must be dismissed with prejudice.

Property Damage

James and Teresa Cockerham, Lane and Nedra Legrande, Lloyd Robertson, Nichole Cowan, and Ronald and Annie Bignar assert claims for property damage. Specifically, they claim their plants and trees began to brown and/or die as a result of the ESD. Ronald Bignar also claims the ESD dulled the paint of his truck. Lloyd Robertson claims the roof on his home, his garden, the paint on his cars and his swimming pool were all damaged by the ESD. Marion Pritchard alleges that some of his cows died after the incident. He assumes they drank contaminated water.

Defendants contend that the ESD could not cause the alleged property damage and rely upon the Louisiana Department of Environmental Quality's constituents report and the expert reports provided by defense experts, Dr. Glenn Millner and Dr. John Boyd, Ph.D., in support.

The uncontested evidence from the constituents report shows 350 gallons of natural gas and a volume of liquids, referred to as condensate, were released on May 28, 2009. Plaintiffs contend but do not present evidence to support their contention that the condensate to which they were exposed contained elevated or toxic quantities of Volatile Organic Compounds ("VOCs") such as

6

benzene. In fact, the only evidence presented in the case regarding the make up of the material released is the Louisiana Department of Environmental Quality's constituents report and Dr. Millner's expert report.

The reports reveal that very small quantities of VOCs were found in a much larger volume of highly-refined lubricating oil. This already small concentration of VOCs would then rapidly evaporate from the mixture once it was released as an aerosol or a mist. Accordingly, the already minimal amount of VOCs would be further diluted (if not eliminated) once it reached the plaintiffs' homes and the material to which their property was exposed was a highly-refined lubricating oil which was very low in toxicity.

Dr. Boyd, taking this information into consideration, issued a report in which he stated it was unlikely the highly-refined lubricating oil would result in death to any perennial plants as they tend to lose their oil damage leaves and then recover quickly. In response, plaintiffs point to defendants' own evidence: the photographs of foliage contained in Dr. Millner's report and the defendants' own Incident Analysis Report regarding the May 28, 2009 ESD. Plaintiffs contend this shows there was in fact damage to the plants as a result of the ESD and that fact was acknowledged by defendants in their Incident Analysis Report: "Entrained liquids created an environmental issue, damaging plants and coating homes and property...up to two miles away".

Despite counsel's claims in the opposition that the plaintiffs have evidence, including photographs, of the damage to their plants and trees, neither the photographs nor a citation as to their location in the record was provided. Further, plaintiffs have produced no summary judgment evidence to prove that the ESDs caused any damage to anything. Though Mr. Pritchard guesses that his cows died as a result of drinking contaminated water, he has produced no evidence that the water

was contaminated or that that is what caused the death of any cows. Thus, plaintiffs have failed to establish that property damage occurred. The bald allegations contained in the opposition do not suffice to establish a genuine issue of fact. Accordingly, the property damage claims asserted by plaintiffs should be dismissed with prejudice.

## Conclusion

In light of the foregoing:

**IT IS ORDERED** that the defendants' motion for summary judgment (Doc. 170) is hereby **GRANTED** and all claims asserted by Allen Breland, Peggy Breland, James Cockerham,, Teresa Cockerham, Lane Legrande, Nedra Legrande, Lloyd Robertson, Nichole Cowan, individually and on behalf of her minor children, D. M. And L. C.,Ronald Bignar, Annie Bignar, Shirley Stephens, Tonya Mangun, and Marion Pritchard are hereby **DISMISSED WITH PREJUDICE**.

THUS DONE AND SIGNED at Alexandria, Louisiana this 29th day of January, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE