UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

CYNTHIA ELLIOTT AYERS,
    et al.                                  DOCKET NO. 1:10-cv-00925 (lead)

VERSUS

A N R Pipeline Company              MAGISTRATE JUDGE JAMES D. KIRK
    et al.

MEMORANDUM RULING

Before the court is a motion for summary judgment (**Doc. 200**) filed by defendants, ANR Pipeline Company and TransCanada USA Pipeline Services, L.L.C. ("defendants") as to the claims of Linda Parker; Darwin Thacker; Evelyn Thacker individually and on behalf of Hilliard Thacker, Tyler Thacker, and James Thacker; Michael Price; Roxann Price, individually and on behalf of Travis Poe; Angela Johnson; James V. Hayes on behalf of the Estate of Mary Hayes; Ricky Shirley; and Franky Trisler. All have been deposed. Also pending is a motion for summary judgment as to all remaining plaintiffs in the case, **doc. #201**, 202, who have not been deposed.

.                             FACTUAL BACKGROUND

On May 28, 2009, an emergency shutdown ("ESD") occurred at ANR Pipeline Company's Jena Compressor Station. As a result of the ESD, roughly 350 gallons of natural gas and oil components were released from the pipeline and/or Compressor Station. On June 14, 2009, a second ESD and release of chemicals occurred at the Jena Compressor Station.

In May 2010, three separate groups of attorneys (the Knoll group, the Bollinger group and the Terrell group) filed a total of forty separate lawsuits seeking damages for personal injury and/or

property damage arising from the May 28, 2009 ESD (Docket Nos. 10-925 through 10-964). Plaintiffs from the Terrell group also asserted claims arising from the ESD on June 14, 2009, however, all of those claims were dismissed. See doc. #'s 140 and 141.

All 40 lawsuits were ordered consolidated for pretrial purposes. Since that time some of the claims have been settled and some dismissed. The only claims remaining are those of the Terrell group. These motions apply to all those remaining plaintiffs.

## Analysis

### Motion for Summary Judgment

The defendants' current motions for summary judgment, like the previous ones as to certain other plaintiffs (see doc. #107, 170), focus on whether or not the remaining plaintiffs can establish a causal connection between the ESD and the alleged injuries. "The test for determining the causal relationship between the tortious conduct and subsequent injuries is whether the plaintiff proved through medical testimony that is was more probable than not that subsequent injuries were caused by the accident." Arabie v. CITGO Petroleum Corp., 89 So.3d 307, 321 (La. 2012) (citing Lasha v. Olin Corp., 625 So.2d 1002, 1005 (La. 1993); Maranto v. Goodyear Tire and Rubber Co., 650 So.2s 757, 759 (La. 1995)(Citations omitted).  Plaintiffs must carry the burden of proof on their claims by a preponderance of the evidence, a burden which the defendants contend the plaintiffs are unable to carry.

The parties debate how the plaintiffs must prove medical causation.  While the defendants contend medical causation must be established through expert testimony, the defendants argue they are entitled to the presumption regarding causation as provided for in Wisner v. Illinois Cent. Gulf R.R., 537 So.2d 740 (La.App 1 Cir. 1988).

The medical causation presumption provided in Wisner is a rebuttable presumption and is available only when two criteria are met:

First, the plaintiffs must establish they were in good health prior to the accident;

Second, the medical evidence must show there is a reasonable possibility of a causal connection between the accident and injury. Id.

Linda Parker

Linda Parker's testimony by deposition fails to show that she was in good health prior to the incident. She testified that she suffers from a sore throat, nose bleeds, nausea and sinus headaches. However, she admits that he had experienced similar symptoms before the incident. She has submitted no medical evidence showing a reasonable probability of a causal connection between the incident and his alleged injuries. Therefore she is not entitled to a resumption as to causation.

Darwin Thacker

Darwin Thacker is now deceased; Plaintiff Evelyn Thacker is his widow. Noone has been substituted as party plaintiff for him. In addition, in Mrs. Thacker's deposition, she testified that Mr. Thacker was not affected by the chemical release. Neither did he suffer any property damage. Mr. Thacker's claims should be dismissed

Evelyn Thacker, individually and on behalf of Hilliard Thacker, Tyler Thacker and James Thacker

Evelyn Thacker claims to have suffered sinus problems and headaches after the chemical release. However, she admitted a history of migraine headaches and similar symptoms before the incident. She therefore cannot show she was in good health before the accident and has offered no medical testimony to show a reasonable possibility of a causal connection.

She is not entitled to the presumption and has presented no expert testimony on causation.

Hilliard Thacker is Evelyn's adult son who is approximately 43 years old. She cannot represent him in these proceedings because he is not now and was not at the time of filing suit a minor. Hilliard Thacker does not assert a personal injury claim since he was not in the vicinity of the compressor station on the day of the incident.

Tyler Thacker and James (J.C.) Thacker are the children of Hilliard Thacker. Their grandmother, Evelyn, cannot represent them in this proceeding. Further, although Evelyn testified that the boys had dull headaches after the accident, their father, Hilliard, said that they had had headaches before the incident. They have not met the presumption, no medical or other expert evidence has been presented, and therefore, their claims should be dismissed.

Michael Price

Price claims nose bleeds after the accident. He had suffered nose bleeds before the accident as a boxer, and is a heavy smoker, and suffers from heart problems which began years after the incident. He cannot show good health before the accident and has not met the requirements for application of the presumption as no medical evidence has been presented. Similarly no expert testimony as to causation has been presented.

Roxann Price, individually, and on behalf of Travis Poe

Mrs. Price claims to have had an upset stomach for a few days after the release. She has not presented any medical evidence or expert testimony and , therefore, her claims should be dismissed. Travis Poe, her disabled son, was not in good health before the incident and, again, there has been presented no medical or expert testimony to prove application of the presumption or causation.

Angela Johnson

Angela Johnson claims she suffered from some nausea on the day of the release and headaches for a couple of days afterward. She had had nausea and headaches before. She did not seek medical treatment and, thus, cannot meet the presumption's requirements. Nor has she presented expert testimony.

James V. Hayes on behalf of the Estate of Mary Hayes

Mr. Hayes testified that Mary Hayes had a rash on her chest following the incident. He has not shown a reasonable possibility of a causal connection to the chemical release In addition, no medical or expert testimony has been presented as to causation.

Ricky Shirley

Shirley claims that he suffered from headaches, runny nose, burning eyes and burning throat as a result of the ESD. He suffered from seasonal allergy symptoms before the incident. He has not shown a reasonable possibility of a causal connection and has presented no expert testimony. His claims should be dismissed.

Franky Trisler

Trisler claims she suffered from diarrhea, headaches, and coughing after the release. She admitted she had experienced those same symptoms before the release. Further, she cannot show a reasonable possibility of a causal connection and presented no medical or other expert testimony.

In summary, none of the plaintiffs alleging personal injury are entitled to the medical causation presumption. Accordingly, they are required to prove medical causation through expert medical testimony. As the plaintiffs' expert witnesses have not and will not render an opinion or testify regarding specific causation the plaintiffs cannot establish medical causation or their personal

injury claims, including fear of future injury and/or mental anguish.

Plaintiffs, generally, claim that there exist genuine issues of material fact because the determination of plaintiffs' claims require credibility determinations not appropriate on a summary judgment motion. However, we do not reach credibility because plaintiffs must under the circumstance discussed above with regard to each of them have expert testimony in order to prevail. Because they have no expert testimony, they cannot prevail and summary judgment is appropriate.

Accordingly, these claims must be dismissed with prejudice.

For the same reasons, the claims of "all remaining plaintiffs" should be dismissed. They have not opposed the summary judgment by producing evidence to show they were in good health before the incident and that there is a reasonable possibility of a causal connection between the incident and the claimed injuries so as to be entitled to the presumption. Nor have they produced expert testimony to prove a causal connection and thus a genuine issue of material fact.

Property Damage

Some of the plaintiffs, including Evelyn Thacker, Hilliard Thacker, James Hayes, and Ricky Shirley, assert claims for property damage. Specifically, they claim their plants and trees began to brown and/or die as a result of the ESD

Defendants contend that the ESD could not cause the alleged property damage and rely upon the Louisiana Department of Environmental Quality's constituents report and the expert reports provided by defense experts, Dr. Glenn Millner and Dr. John Boyd, Ph.D., in support.

The uncontested evidence from the constituents report shows 350 gallons of natural gas and a volume of liquids, referred to as condensate, were released on May 28, 2009. Plaintiffs contend but do not present evidence to support their contention that the condensate to which they were

exposed contained elevated or toxic quantities of Volatile Organic Compounds ("VOCs") such as benzene. In fact, the only evidence presented in the case regarding the make up of the material released is the Louisiana Department of Environmental Quality's constituents report and Dr. Millner's expert report.

The reports reveal that very small quantities of VOCs were found in a much larger volume of highly-refined lubricating oil. This already small concentration of VOCs would then rapidly evaporate from the mixture once it was released as an aerosol or a mist. Accordingly, the already minimal amount of VOCs would be further diluted (if not eliminated) once it reached the plaintiffs' homes and the material to which their property was exposed was a highly-refined lubricating oil which was very low in toxicity.

Dr. Boyd, taking this information into consideration, issued a report in which he stated it was unlikely the highly-refined lubricating oil would result in death to any perennial plants as they tend to lose their oil damage leaves and then recover quickly. In response, plaintiffs point to defendants' own evidence: the photographs of foliage contained in Dr. Millner's report and the defendants' own Incident Analysis Report regarding the May 28, 2009 ESD. Plaintiffs contend this shows there was in fact damage to the plants as a result of the ESD and that fact was acknowledged by defendants in their Incident Analysis Report: "Entrained liquids created an environmental issue, damaging plants and coating homes and property...up to two miles away".

Plaintiffs have produced no summary judgment evidence to prove that the ESDs caused any damage to anything. Paragraph (e) of Rule 56 provides the following:

> "When a motion for summary judgment is made and supported as provided in this
> rule, an adverse party may not rest upon the mere allegations or denials of the adverse

party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Accordingly, the property damage claims asserted by all plaintiffs should be dismissed with prejudice.

## Conclusion

In light of the foregoing:

**IT IS ORDERED** that the defendants' motion for summary judgment (Doc. 200) is hereby **GRANTED** and all claims asserted by Linda Parker; Darwin Thacker; Evelyn Thacker individually and on behalf of Hilliard Thacker, Tyler Thacker, and James Thacker; Michael Price; Roxann Price, individually and on behalf of Travis Poe; Angela Johnson; James V. Hayes on behalf of the Estate of Mary Hayes; Ricky Shirley; and Franky Trisler are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment, (Doc. 201), is **GRANTED** and the claims of all remaining plaintiffs in the case are also **DISMISSED WITH PREJUDICE.**

THUS DONE AND SIGNED at Alexandria, Louisiana this 21st day of July, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE